UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** CV 08-02533 SJO (JTLx)        **DATE:** July 23, 2008

**TITLE:** Writers Guild of America, West, Inc., et al. v. Bathroom Boy LLC

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PETITIONERS:**      **COUNSEL PRESENT FOR RESPONDENT:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS:**
ORDER GRANTING PETITIONERS' MOTION FOR ORDER CONFIRMING THE ARBITRATOR'S CORRECTED OPINION AND AWARD AND FOR ENTRY OF JUDGMENT IN CONFORMITY THEREWITH
[Docket No. 1]

　　　　This matter is before the Court on Petitioners Writers Guild of America, West, Inc. (the "WGAW") and Linda Voorhees' (collectively, "Petitioners") Motion for Order Confirming The Arbitrator's Corrected Opinion and Award and for Entry of Judgment in Conformity Therewith, filed April 17, 2008. Respondent Bathroom Boy LLC has not filed an Opposition. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for June 2, 2008. *See* Fed. R. Civ. P. 78(b). For the following reasons, Petitioners' Motion is GRANTED.

I.　　BACKGROUND

　　　　The WGAW is a labor organization representing writers in the theatrical and television industry, including Voorhees. (Mot. 3.) Bathroom Boy, a motion picture and television production company, is a signatory to: (1) the Collective Bargaining Agreement between Alliance of Motion Picture and Television Producers and the Writers Guild of America (the "Guild") (the "Basic Agreement"); and (2) the Guild Theatrical Low Budget Agreement (the "LBA"). (Mot. 3.) During the term of these agreements, Bathroom Boy entered into an agreement with Voorhees to sell her screenplay in connection with the "Bathroom Boy" motion picture project. (Mot. 3.) Bathroom Boy failed to pay Voorhees monies owed to her under the agreements. (Mot. 3.)

　　　　Accordingly, Petitioners, pursuant to the Basic Agreement, initiated arbitration proceedings against Bathroom Boy. (Mot. 4.) The parties participated in an arbitration hearing, resulting in the issuance of a decision (the "Award") in favor of Voorhees. (Mot. Ex. B. 10.) The Award requires Bathroom Boy to pay Voorhees the $33,893.00 purchase price of the screenplay, the $5,000.00 Script Publication Fee, and interest in the amount of $6,509.09, together with interest at the rate of 1.5% per month on $33,893.00 as of June 22, 2007, until paid in full. (Mot. Ex. B 10.) The

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 08-02533 SJO (JTLx)</u>  **DATE:** <u>July 23, 2008</u>

Award was served on Bathroom Boy and a second copy was mailed to Bathroom Boy's attorney with a demand for payment. (Mot. 5; Ex. C.) Bathroom Boy has failed to respond. (Mot. 5.)

Petitioners now seek an order of the Court confirming the Award pursuant to § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).[1] Additionally, Petitioners seek attorney fees in the amount of $1,500.00 and costs in the amount of $350.00.

II.    <u>DISCUSSION</u>

    A.    <u>Request for Confirmation of the Award</u>

An arbitration award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Where a court has before it a motion to confirm an arbitration award and the non-moving party has failed to respond, the motion should be treated as an unopposed motion for summary judgment based on the moving party's submissions. *Id.* at 109. Accordingly, if the moving party is able to demonstrate the absence of a genuine issue of material fact, *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-50 (1986), the arbitration award must be confirmed.

In support of their Motion, Petitioners have provided the Court with a copy of the relevant portions of the Basic Agreement governing the instant dispute. The Basic Agreement expressly provides that the arbitrator's award "shall be final and binding upon the parties to the proceeding." (Mot. Ex. A art. 11(A)(4).) Petitioners have also provided a signed copy of the arbitrator's Corrected Opinion & Award, which outlines in detail Bathroom Boy's breaches and subsequent obligations under the agreements.

"Courts are bound to defer to the conclusions of the arbitrator unless the arbitrator has manifestly disregarded the law." *Am. Postal Workers Union AFL-CIO v. U.S. Postal Serv.*, 682 F.2d 1280, 1284 (9th Cir. 1982). Here, the Court finds that the arbitrator acted within his authority in issuing the Award. Because Bathroom Boy has failed to offer any evidence that would warrant a conclusion to the contrary, Petitioners have met their burden under the summary judgment standard. The Court GRANTS Petitioners' Motion to confirm the Award.

    B.    <u>Request for Attorney Fees and Costs</u>

"A court may assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983) (internal quotations omitted). Where a party

---

[1]  Section 185(a) provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or . . . the citizenship of the parties."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 08-02533 SJO (JTLx)</u> | **DATE:** <u>July 23, 2008</u> |

refuses to comply with an arbitrator's award "without justification," such refusal amounts to an act taken "in bad faith, vexatiously, or for oppressive reasons," and an award of attorney fees is proper. *Id.*; *see also Fed'n of Agents & Int'l Representatives v. United Food & Commercial Workers Union, Local 101*, 8 F. App'x 737, 740 (9th Cir. 2001).

Bathroom Boy was notified of the Award twice: on the day of the arbitrator's decision and again on October 23, 2007. However, Bathroom Boy has not complied with the arbitrator's decision and has offered no justification for its failure to do so. The Court accordingly GRANTS Petitioners' request for attorney fees and costs.

III.    RULING

For the foregoing reasons, the Court GRANTS Petitioners' Motion confirming the Award and awarding attorney fees and costs.

IT IS SO ORDERED.